# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTOPHER GUEST**, | Case No. 3:17-cv-1969-AC |
| Plaintiff, | **ORDER** |
| v. | |
| **AIR LIQUIDE AMERICA SPECIALTY GASSES, LLC, *et al.*,** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on June 28, 2018. ECF 24. Judge Acosta recommended that Defendants' motion to compel arbitration (ECF 5) be granted. For the reasons discussed below, the Court grants Defendants' motion to compel arbitration and dismisses this action.

## BACKGROUND

Plaintiff Christopher Guest filed this action against his former employer and associated entities, asserting claims for age discrimination and interference with prospective employment benefits. Plaintiff worked for the predecessor in interest of Defendant Air Liquide America Specialty Gases, LLC ("America Specialty"), beginning in 1989. In 1997, Plaintiff began

working for Air Liquide America Corporation ("Air Liquide"), and, as part of this transfer, signed an application for employment that included an Alternative Dispute Resolution ("ADR") agreement ("1997 ADR Agreement"). In 2006, Air Liquide sent all employees an "Executive Announcement" ("Announcement") describing the company's code of conduct and ADR agreement ("2006 ADR Agreement"). The Announcement noted that every employee was required to review the 2006 ADR Agreement on an annual basis. The 2006 ADR Agreement provides:

> All disputes arising out of or relating to the interpretation and application of this ADR Agreement or the employee's employment with Air Liquide or the termination of employment, including for example and without limitation, any claims for unfair competition, theft of trade secrets, wrongful termination, unlawful discrimination, sexual harassment or other unlawful harassment, or retaliation, shall be resolved through ADR, including binding arbitration if necessary.

The Announcement asked all employees to review the agreement and "indicate his or her agreement to comply with the principles contained" in the agreement. Indicating agreement was a condition of Plaintiff's continued employment. Plaintiff electronically signed the agreement.

In December 2015, Plaintiff worked for America Specialty and was told that another company, Praxair, was planning to purchase America Specialty's business. Plaintiff was told that he would be terminated by America Specialty but could accept a position with Praxair. Plaintiff ultimately accepted a position with Praxair that paid less than his previous job with America Specialty. On March 31, 2016, Air Liquide offered employees a voluntary separation program (the "Separation Program") to America Specialty employees 55 years of age or older. Plaintiff would have been eligible for the Separation Program had he still been employed by America Specialty through May 6, 2016.

PAGE 2 – ORDER

Plaintiff filed suit with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC"), alleging that America Specialty terminated him due to his age and to prevent him from benefitting from the Separation Program. Plaintiff received right-to-sue letters from each agency between May and June 2017. Shortly thereafter, Plaintiff entered into a tolling agreement with Defendants, which tolled "[t]he running of all statutes of limitations, laches, or arguments of estoppel, or any defense" by or against Defendants and related entities. The tolling agreement applied to "any of the claims by [Plaintiff] arising out of or related to his employment with [Air Liquide] and all affiliated entities," and specifically included the time period affected by Plaintiff's right-to-sue letters. At no point during negotiations for this tolling agreement did Defendants mention either the 1997 or 2006 ADR Agreements. When the tolling agreement expired on December 11, 2017, Plaintiff filed this action asserting violations of the Age Discrimination in Employment Act ("ADEA") and the Employee Retirement Income Security Act of 1974 ("ERISA"). Before the Court is Defendants' motion to compel arbitration pursuant to the 2006 ADR Agreement or, alternatively, under the 1997 ADR Agreement.

**STANDARDS**

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to

require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

## DISCUSSION

Plaintiff timely filed an objection (ECF 26) to Judge Acosta's F&R, to which Defendants responded. ECF 27. Plaintiff objects to Judge Acosta's F&R on several grounds. First, Plaintiff argues that the 2006 ADR Agreement did not validly waive Plaintiff's right to a jury trial because it failed to comply with certain procedural requirements in the ADEA. Second, Plaintiff argues that his ERISA claim is not within the scope of the 2006 ADR Agreement. Third, Plaintiff objects that he is not subject to the 2006 ADR Agreement because there was no meeting of the minds establishing that the agreement would last longer than one year. Fourth, Plaintiff argues that the 2006 ADR Agreement is procedurally and substantively unconscionable. Finally, Plaintiff objects to Judge Acosta's finding that Defendants have not waived their right to enforce the 2006 ADR Agreement. Plaintiff also objects to Judge Acosta's recommendation that the case be dismissed, rather than stayed, if the Court compels arbitration.

**A. Whether the 2006 ADR Agreement Validly Waived Plaintiff's Right to Jury Trial**

Plaintiff argues that the waiver of Plaintiff's right to a jury trial contained in the 2006 ADR Agreement is invalid because it does not comply with procedural requirements of the Older

Workers Benefit Protection Act ("OWBPA"), which is a part of the ADEA. Specifically, Plaintiff argues the waiver did not comply with the waiver requirements in 29 U.S.C. § 626(f).

Plaintiff argues that although Supreme Court precedent dictates that § 626(f)(1) does not make the right to file an ADEA claim in federal court a "substantive" right that may not be waived by arbitration agreement, such waivers must comply with procedural requirements of § 626(f). Judge Acosta concluded that the Supreme Court's decision in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009) unambiguously forecloses this argument. In *Pyett*, the Supreme Court held that "the agreement to arbitrate ADEA claims is not the waiver of a 'substantive right' as that term is employed in the ADEA." *Pyett*, 556 U.S. at 259. This compels the conclusion that § 626(f) does not apply.

Plaintiff offers no persuasive basis on which to distinguish *Pyett*. Plaintiff argues that *Pyett* is inapposite because it involved a collective bargaining agreement, rather than an individual waiver. In reaching the conclusion that it did in *Pyett*, however, the Supreme Court relied in part on an earlier decision that related to an individual agreement. In doing so, the Supreme Court stated: "Nothing in the law suggests a distinction between the status of arbitration agreements signed by an individual employee and those agreed to by a union representative." *Id*. at 258. Judge Acosta correctly concluded that the 2006 ADR Agreement validly waived Plaintiff's right to a jury trial.

**B. Whether Plaintiff's ERISA Interference Claims are Within the Scope of the 2006 ADR Agreement**

Plaintiff also argues that his claims fall outside the scope of the 2006 ADR Agreement and that he actually qualifies for the jury trial protections associated with America Specialty's Separation Program. Judge Acosta concluded that Plaintiff's claims fall within the broad language of the 2006 ADR agreement and arise out of Plaintiff's employment with America

Specialty. Judge Acosta further concluded that Plaintiff did not qualify as a "participant" under the Separation Program and, as such, was not entitled to its jury trial provisions. The Court agrees. Plaintiff's attempt to characterize his claims as not arising out of his employment with America Specialty—the entity he sues in this case—and instead out of his employment with Praxair—a non-defendant—are unavailing.

**C. Whether Plaintiff was Subject to the 2006 ADR Agreement**

Plaintiff also argues that he is not subject to the 2006 ADR Agreement because there was no meeting of the minds that the agreement would extend beyond one year. Plaintiff relies on the Announcement sent to employees regarding the 2006 ADR Agreement, which stated every employee was required to review the policy on an annual basis, as well as the fact that, when the company initially sent the agreement, it asked for each employee's consent to abide by the policies. Plaintiff argues that Judge Acosta erred in resolving the "factual dispute" about whether a meeting of the minds, a necessary precursor to contract formation, occurred between the parties with respect to the duration of the 2006 ADR Agreement.

Judge Acosta properly found, however, that the unambiguous text of the 2006 ADR Agreement itself cannot reasonably be read to imply a time-limited, one-year term. The agreement also does not indicate that it is only valid if employees renew their consent each year. The accompanying Announcement does not change this analysis. The Announcement notes an employee's *personal* obligation to review the policy on an annual basis, but does not state that employees are required to give consent to the policy on an annual basis. It also notes that consent to the policy is a continuing condition of employment. Thus, the Court agrees with Judge Acosta's interpretation and conclusion that Plaintiff is subject to the 2006 ADR Agreement despite not affirmatively indicating his consent to it on an annual basis. Plaintiff's subjective interpretation to the contrary is irrelevant. *See Newton/Boldt v. Newton*, 192 Or. App. 386, 392

PAGE 6 – ORDER

(2004) ("[W]hether parties enter into a contract does not depend on their uncommunicated subjective understanding; rather, it depends on whether the parties manifest assent to the same express terms.").

**D. Whether the 2006 ADR Agreement is Unconscionable**

Plaintiff also objects to Judge Acosta's finding that the 2006 ADR Agreement is neither procedurally nor substantively unconscionable.

### 1. Procedural Unconscionability

Plaintiff agrees with Judge Acosta's characterization that under Oregon law, whether a contract is procedurally unconscionable depends on two factors: oppression and surprise. Judge Acosta concluded, and Plaintiff agrees, that the 2006 ADR Agreement is "oppressive" in that it is a contract of adhesion. Judge Acosta found, however, that the 2006 ADR Agreement did not meet the "surprise" prong, which measures "the extent to which the supposedly agreed terms were hidden from the party seeking to avoid enforcement of the agreement."

Plaintiff argues that the 2006 ADR agreement is procedurally unconscionable for several reasons: it did not meet the procedural requirements of OWBPA and thus was not a "knowing and voluntary waiver"; it is inconsistent with statements in the Voluntary Separation Agreement SPD; Defendants are improperly using it to bar claims that Plaintiff asserts are not covered by that agreement; and the fact that annual agreement to the 2006 ADR Requirement was not required for it to remain valid was a fact "hidden" from Plaintiff.

The Court concludes that these arguments are without merit, and agrees with Judge Acosta's finding that the 2006 ADR Agreement does not meet the "surprise" prong and is thus not procedurally unconscionable. *See Sprague v. Quality Restaurants Northwest, Inc.*, 213 Or. App. 521 (2007) (declining to hold a contract of adhesion procedurally unconscionable because

aside from its adhesive nature, there was no evidence of other oppressive circumstances, and the agreement was not "brought about by deception").

### 2. Substantive Unconscionability

Judge Acosta also concluded that the 2006 ADR Agreement is not substantively unconscionable, rejecting Plaintiffs argument (among several) that it is unconscionable because it calls for Plaintiff to pay a fee toward arbitration in an amount "equal to the then-current filing fee in the applicable State or Federal Court for a complaint or first appearance, whichever is lower." Plaintiff objects to the conclusion that this requirement does not render the 2006 ADR Agreement substantively unconscionable.

Plaintiff argues that Judge Acosta applied the incorrect standard. Plaintiff states that Judge Acosta applied the standard that applies to *cost sharing*, which requires a party opposing arbitration to show that the cost sharing provision has the effect of denying a litigant the opportunity to vindicate his or her rights. Plaintiff argues Judge Acosta should have applied a different standard that is applicable to *fee sharing*.

Plaintiff urges the Court to rely on *Cole v. Burns Intern. Sec. Services*, 105 F.2d 1465 (D.C. Cir. 1997), which Plaintiff asserts the Ninth Circuit adopted in *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 894 (9th Cir. 2002). As an initial matter *Circuit City Stores* applied California law. Further, although the Ninth Circuit cited to *Cole* as holding that it was unlawful to require an employee to share the costs of arbitration, the agreement held unconscionable in *Circuit City Stores* required that employees *equally split* arbitrator's fees—not to pay a set, limited fee. Furthermore, *Cole* itself recognizes the validity of requiring an employee to pay a set fee comparable to the cost of filing in court. *Cole*, 105 F.3d at 1484 ("There is no doubt that parties appearing in federal court may be required to assume the cost of filing fees and other

administrative expenses, so any reasonable costs of this sort that accompany arbitration are not problematic.").

Plaintiff also cites *Derrick v. Santa Fe Natural Tobacco, Inc.*, 2007 WL 2994598 (D. Or. 2007); *Twilleager v. RDO Vermeer LLC*, 2011 WL 1637469 (D. Or. 2011); and *Torrance v. Aames Funding Corp.*, 242 F.Supp. 2d 862, 874 (D. Or. 2002). These cases, and the authorities they rely upon, do not support Plaintiff's position that even a limited fee comparable to the cost of filing in court renders an arbitration agreement unenforceable. *Torrance* cites *Cole* for the proposition that "[t]he cost of filing fees and other administrative expenses 'are not problematic' because federal courts impose such costs as well." *Torrance v*, 242 F. Supp. 2d at 874. *Derrick* relies on *Torrance*. *Twilleager*, furthermore, relies on the standard that "[a]n arbitration agreement is unenforceable under the FAA if it denies a litigant the opportunity to vindicate his or her rights in the arbitral forum," the same standard relied upon by Judge Acosta and to which Plaintiff objects. Plaintiff's arguments relating to the 2006 ADR Agreement's requirement that Plaintiff pay an arbitrator's fee equal in amount to a court filing fee are unavailing.

Plaintiff does not object to Judge Acosta's findings with respect to the 2006 ADR Agreement's prohibition on class actions. The Court reviews this section for plain error and finds none. Plaintiff does not *directly* object to Judge Acosta's discussion of substantive unconscionability as it relates to Plaintiff's waiver of the right to a jury trial, but does object to Judge Acosta's discussion of the validity of the agreement's waiver in general. As discussed above, Plaintiff's arguments on this point are unavailing. Accordingly, Plaintiff has not established that the 2006 ADR Agreement is either procedurally or substantively unconscionable.

### E. Waiver

Plaintiff argues that Defendants have waived their right to compel arbitration. "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). The parties do not dispute that Defendants knew of their right to compel arbitration; they only dispute whether Defendants acted inconsistently with their right to compel arbitration and, if so, whether Plaintiff was prejudiced by such actions. With respect to the issue of whether Defendants acted inconsistently with the right to compel arbitration, Plaintiff renews his argument that the 2006 ADR Agreement and accompanying Announcement required employees to review and consent to the policy each year in order for it to be enforceable. The Court rejects this argument. Plaintiff also argues that the 2006 ADR Agreement's applicability is inconsistent with the fact that Plaintiff, after leaving his job at America Specialty, no longer had electronic access to the agreement. The Court declines to find that this is inconsistent with the right to compel arbitration.

Finally, Plaintiff argues that Defendants' negotiation of the tolling agreement is both inconsistent with the right to compel arbitration and caused Plaintiff prejudice. If the tolling agreement applied only to *lawsuits*, Plaintiff's argument might have some force, particularly if the agreement did not toll limitations applicable to arbitration, and if Plaintiff would now be barred from instituting such actions. The tolling agreement, however, did not, on its face, reference only actions brought in court. Rather, it tolled "all statutes of limitation, laches, or arguments of estoppel, or any defense . . . based in whole or in part on the passage of time, that is or may be applicable to any of the claims by [Plaintiff] arising out of or related to his employment with" Defendants. ECF 17-1. The tolling agreement, on its face, applies to all

"claims" by Plaintiff relating to his employment; it does not specify the *forum* in which those claims may be brought. Thus, it is not misleading or inconsistent with the right later to compel arbitration. The mere fact that Defendants did not *mention* the arbitration agreement to Plaintiff does not dictate a contrary result. Furthermore, because the tolling agreement applied to all "claims" by Plaintiff, not just all *lawsuits*, Plaintiff has failed to establish how he is prejudiced by Defendants' negotiation of the tolling agreement. Plaintiff asserts, but does not support, that he may now be unable to pursue arbitration because of applicable statutes of limitations. Not only does Plaintiff provide no specific evidence that any limitations period *has* passed, but the tolling agreement on its face applies to all "claims" without respect to the *forum* in which those claims are brought and, thus, would apply to Plaintiff's claims brought in arbitration.

F. **Whether a Stay or Dismissal is Appropriate**

Finally, Plaintiff argues (for the first time, in objecting to Judge Acosta's F&R) that, if the Court grants Defendants' motion to compel arbitration, the Court should stay, rather than dismiss, this case. Plaintiff argues that it is not clear that his claims will be heard on the merits in arbitration, and thus that there may be some lingering matters for the Court to resolve. The Court adopts Judge Acosta's recommendation that the case should be dismissed.

## CONCLUSION

The Court adopts Judge Acosta's Findings and Recommendation (ECF 24) as supplemented herein. Defendants' motion to compel arbitration (ECF 5) is GRANTED, and Plaintiff's claims are DISMISSED.

**IT IS SO ORDERED.**

DATED this 13th day of August, 2018.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge